MEMORANDUM **
The County of San Bernardino (the “County”) appeals the district court’s award of damages, interest penalties, and attorney fees for the County’s breach of a construction contract with L.T. Engineering, Inc. (“LTE”). The County does not contest its breach-of-contract liability but challenges the damages award in favor of Safeco Insurance Co. (“Safeco”), assignee and subrogee of LTE. Our decision in this case is controlled by the standard of review, and we review the district court’s award of actual damages for clear error. Jarvis v. K2 Inc., 486 F.3d 526, 529 (9th Cir.2007). We affirm.
The County argues that the admitted evidence in the record did not support the award for lost productivity, which was based on the testimony of Safeco’s expert witness. Safeeo’s expert may rely in an appropriate case, however, on inadmissible data that others collected. See Fed. R.Evid. 703; Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1142 (9th Cir.1997). Safeco’s expert also had extensive knowledge of the underlying facts supporting his testimony, and his conclusions were based on project records and consistent with evidence admitted at trial. We conclude that there was no clear error in the district court’s determination that sufficient evidence supported the expert’s damage testimony.
The district court also did not commit clear error by accepting the Safeco expert’s measured-mile analysis and method of identifying impacted and unimpacted days. The County contends that the expert’s analysis might have excluded some low-productivity unimpacted days or wrongly attributed decline in production to the fault of the County. Yet “once the cause and existence of damages have been so established, recovery will not be denied because the damages are difficult of ascertainment. Liability cannot be evaded because damages cannot be measured with *318 exactness.” Schroeder v. Auto Driveaway Co., 11 Cal.3d 908, 114 Cal.Rptr. 622, 523 P.2d 662, 670 (1974) (internal citation omitted).
The district court concluded that the delays LTE caused were “insignificant” in light of the scope of the project and the County’s own delays. Safeco presented a reasonable estimate of lost-productivity damages, and the County’s argument that the damage amount is not exact is insufficient to establish clear error.
The County further claims that LTE caused some part of the 209 days of delay underlying the district court’s delay-damage award. But the County has not shown that any of the insignificant delays LTE caused were on the project’s critical path. Accordingly, whatever delays LTE’s improper actions caused do not impact the amount of delay damages. See 5 Philip L. Bruner & Patrick J. O’Connor, Jr., Construction Law § 15:29. Because Safeco conducted a reasonable critical-path analysis, the district court’s factual finding that the County is responsible for 209 days of delay damages is “plausible in light of the record viewed in its entirety” and thus is not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
Nor did the district court commit clear error by determining that there was no genuine dispute regarding the County’s obligation to release the funds within sixty days of project completion. The district court’s determination that there was no bona fide dispute was based on a plausible interpretation of facts in the record suggesting that the County, through its employees, acted in bad faith. The County did not contest at trial the testimony that the entire retention amount was wrongfully withheld, waiving this argument on appeal. Canada Life Assurance Co. v. La-Peter, 563 F.3d 837, 846 (9th Cir.2009). The damage penalty for the County’s wrongful withholding of retention funds was appropriate and not clear error, as was the district court’s award of attorney’s fees. Cal. Pub. Cont.Code § 7107.
Finally, the evidence at trial shows that the County did not make timely progress payments to LTE. Id. § 20104.50(b). The County did not object to such testimony at trial, and it does not argue on appeal that it ever made these payments.
We conclude that the district court’s award of damages was not clear error, and there was no error in law arising from the district court’s award of prejudgment interest, damage penalties, and attorney’s fees.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.